UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HOLMES ALEXANDER,

                Plaintiff,

-against-

JEFFREY SCOTT GRODER; JAMES E. DZURENDA,

                Defendants.

24-CV-3858 (LTS)

TRANSFER ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is currently incarcerated at Fishkill Correctional Facility, brings this *pro se* action under 42 U.S.C. § 1983, alleging that Defendants violated his federally protected rights in connection with his state criminal proceedings in Nassau County, New York. Named as Defendants are Jeffrey Scott Groder, Plaintiff's criminal defense attorney whose office is in Mineola, New York, and James E. Dzurenda, the Nassau County Sheriff, whose office is in East Meadow, New York. For the following reasons, the Court transfers this action under 28 U.S.C. § 1406 to the United States District Court for the Eastern District of New York.

**DISCUSSION**

Under 28 U.S.C. § 1391(b), a civil action may be brought in

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Under Section 1391(c), a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district

where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff alleges that Dzurenda falsely arrested him, and that Groder failed to protect Plaintiff's rights during the subsequent state court criminal proceedings. He does not plead the residence of any of the defendants, only asserting that the alleged events giving rise to his claims occurred in Nassau County. Because Defendants are employed in Nassau County, and the alleged events occurred in Nassau County, from the face of the complaint, it is clear that venue is not proper in this Court under Section 1391(b)(1), (2).

Under 28 U.S.C. § 1406, if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims arose in Nassau County, which is in the Eastern District of New York. *See* 28 U.S.C. § 112. Accordingly, venue lies in the Eastern District of New York, 28 U.S.C. § 1391(b)(2), and in the interest of justice, the Court transfers this action to the United States District Court for the Eastern District of New York, 28 U.S.C. § 1406(a).

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Eastern District of New York. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court.[1] A summons shall not issue from this Court. This order closes this case.

---

[1] Plaintiff did not submit the requisite prisoner authorization form.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: May 20, 2024
New York, New York

                                        /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                    Chief United States District Judge